UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STEFAN A. RIBELIN, <br><br> Plaintiff, <br><br> v. <br><br> IQ DATA INTERNATIONAL, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 5:21-cv-00399 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes STEFAN A. RIBELIN ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of IQ DATA INTERNATIONAL, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*., and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas a substantial portion of the events that gave rise to this action occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing within the Western District of Texas.

5. Defendant is a third party debt collector that "has been serving the collection needs of businesses and consumers since 1998."[1] Defendant is a corporation organized under the laws of the state of Washington with its principal places of business located at 21222 30th Drive Southeast, Suite120, Bothell, Washington. Defendant engages in collection activity throughout the United States, including the state of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon an apartment lease ("subject debt") Plaintiff purportedly owed to Axis at the Rim.

8. After Plaintiff's purported default on the subject debt, it was charged off and placed with Defendant for collection purposes.

9. Around April 2021, Plaintiff began receiving calls to his cellular phone number, (956) XXX-4654, from Defendant.

10. Defendant has called Plaintiff mainly using the phone number (956) 404-0280, but upon belief, Defendant has used other phone numbers as well.

11. Upon information and belief, the aforementioned phone number ending in -0280 is regularly utilized by Defendant during its debt collection activity.

---

[1] https://iqdata-inc.com/about-us

12. On or about April 6, 2021, Defendant placed 4 calls to Plaintiff's cellular phone seeking to collect upon the subject debt, which were unanswered by Plaintiff.

13. Then, upon receiving a fifth phone call from Defendant, Plaintiff answered and spoke with a representative of Defendant.

14. Upon speaking with Defendant, Defendant attempted to speak with Plaintiff casually, referring to him by his first name and asking him questions about his prior apartment complex.

15. Confused, Plaintiff asked Defendant who it was, at which point Defendant advised that it was a debt collector attempting to collect upon the subject debt.

16. Plaintiff subsequently informed Defendant that he was with a client and could not speak to Defendant at that time.

17. Defendant's representative responded with hostility, aggressive, rudeness and insisted that Plaintiff remain on the call with Defendant.

18. Despite Plaintiff's efforts to ignore Defendant, Defendant had continued to regularly call his cellular phone.

19. Plaintiff has received numerous phone calls from Defendant after the initial communication.

20. Overwhelmed by Defendant's constant calls and frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the

never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692d through the nature of its harassing, oppressive, and abusive conduct during the phone conversation it had with Plaintiff. During this phone call, Defendant

berated and belittled Plaintiff and demanded that he remain on the phone with Defendant when he was busy. Any reasonable fact will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed Plaintiff.

30. Furthermore, Defendant violated §1692d(5) when it repeatedly called Plaintiff. Defendant placed upwards of five calls in a single day to Plaintiff, hoping such repeated contacts would annoy Plaintiff into answering the phone calls. Defendant further called Plaintiff numerous times after the initial communication with Plaintiff. This repeated behavior of systematically calling Plaintiff's cellular phone was harassing to Plaintiff. The frequency and nature of calls shows that Defendant willfully called Plaintiff' with the goal of annoying and harassing him.

    **b. Violations of FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive collection calls. Defendant place numerous calls to Plaintiff's cellular phone in a harassing matter. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to call him with such frequency.

34. Furthermore, Defendant violated §1692e and e(10) when it deceptively asked Plaintiff questions about the subject debt without disclosing who it was or why it was calling. Such conduct was engaged in by Defendant in an effort to deceive Plaintiff into providing information to Defendant which would otherwise not have been provided had Defendant been upfront about its identity and the purpose of its calls.

### c. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times. Attempting to coerce Plaintiff into payment by placing voluminous phone calls is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. Furthermore, it was unfair for Defendant to belittle and harass Plaintiff over the phone. Defendant used such unfair conduct in order to scare Plaintiff into paying the subject debt.

38. As pled above, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, STEFAN A. RIBELIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

 d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

 e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

 f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

42. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

 **a. Violations of TDCA § 392.302**

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

44. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous times. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than stopping its harassing conduct, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

 **b. Violations of TDCA § 392.304**

45. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

46. Defendant violated the TDCA when it deceptively attempted to gather information from Plaintiff by failing to disclose who it was or why it was calling before questioning Plaintiff about the subject debt.

WHEREFORE, Plaintiff, STEFAN A. RIBELIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 21, 2021                                Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com